UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FADRIAN ANDREW SMITH,

   Plaintiff,

 v.             Case No. 07-C-634

JOHN JADIN and HEALTH CARE PROVIDER
OF HEALTH SERVICE UNIT

   Defendants.

**MEMORANDUM AND ORDER**

  Plaintiff Fadrian Andrew Smith, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Brown County Jail in Green Bay, Wisconsin.

  Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the court has received a copy of the prisoner's account statement with a from certification by Lt. Steffens of the Brown County Sheriff's Department, Jail Division, certifying its accuracy. Also, attached to one of Smith's filings is a Brown County Jail inmate billing report summary. The summary indicates that plaintiff was booked into the Brown County Jail on April 2, 2007 and shows the charges that have been entered against his account since that time. It appears that he now owes the Brown County Jail $350.66. No record of any deposits is shown.

Based upon my review of the file, I conclude that plaintiff has substantially complied with the requirement that he submit a trust account statement showing his deposits and expenses over the past six months. I further conclude from my review of the statement that the defendant is indigent and is unable to pay the statutory filing fee in this case. I also conclude he is unable to pay an initial partial filing fee and will therefore waive his obligation to do so. Leave to proceed in forma pauperis will therefore be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or office or employee of the governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

In this case, plaintiff has sued John Jadin who he identifies as the warden of the Brown County Jail and the Health Service Unit, or healthcare provider. He complains that his mail to the Eastern District of Wisconsin and/or to the Wisconsin Supreme Court has been unreasonably delayed. Plaintiff also claims that he has been deprived of medical care "perversely authorized by health service unit, own nurse practitioner." Compl. at 4.

Neither allegation states a constitutional claim. Delay in mail, by itself, is not a violation of one's Constitutional rights. Plaintiff does not allege any adverse consequences resulting from the delay, nor is there any allegation from which it could be inferred that the delay was the result of intentional conduct on the part of jail authorities. With respect to the claim that he was denied

3

medical care, plaintiff omits any details as to the nature of the medical care being denied, who denied it or when it was denied. Details of this nature are essential if the complaint is to serve its essential purpose of providing notice to the individuals who are being sued.

Finally, even if plaintiff's allegations were sufficient to state constitutional claims, he has alleged no personal involvement on the part of the one individual named as a defendant. John Jadin, whether he is the warden of the Brown County Jail, or not, is not specifically alleged to have had any personal involvement in either of the incidents that are the focus of his complaint. The mere fact that the defendant is employed in a supervisory role at an institution does not suffice. The doctrine of respondeat superior does not apply, meaning that the supervisor will not be held accountable for the actions of those underneath him unless the supervisor's own acts were implicated. In other words, liability under § 1983 must be based on the defendant's personal involvement in the constitutional violation. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). Because the complaint alleges no personal involvement on the part of Defendant Jadin, it must be dismissed on this basis as well. With respect to Health Services Unit, it would appear that this is not even a suable entity that could be held subject to liability under § 1983.

In sum, plaintiff's complaint fails to state a claim upon which relief can be granted. It fails to give notice to any defendant as to what specific claims are being made. Accordingly, the complaint will be dismissed. Since I am unable to rule out entirely the possibility that the plaintiff may have a claim, however, the dismissal is without prejudice.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

The jail administrator for the Brown County Jail shall collect from plaintiff's account the $350.00 filing fee by collecting monthly payments from the plaintiff's jail trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of the U.S. District Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief can be granted. The dismissal is without prejudice.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the administrator of the Brown County Jail, as well as to the Brown County Sheriff and the Brown County Corporation Counsel.

Dated this   8th   day of August, 2007.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

5

Case 1:07-cv-00634-WCG   Filed 08/08/07   Page 5 of 5   Document 12